Haight, J.
This action was brought to recover the sum of two thousand dollars,, the amount of a beneficiary certificate issued by the defendant to Joseph J. Gaige, the husband of the plaintiff, payable to her in case of his death.
The court has found as facts that in the month of February, 1884, the husband of the plaintiff became a member of Danolds Lodge, No. 224, at Eagle Harbor, Orleans county, New York; and that on the 21st day of February, 1884, the defendants, pursuant to the objects of the order, and the applications made therefor, by Joseph J. Gaige, made and executed and delivered to him its benficiary certificate, No. 23,854, wherein and whereby the defendant agreed to pay to the plaintiff as the wife of Joseph J Gaige, the sum of *663 two thousand dollars in case of his death, that on the 15th day of August, 1885, Gaige was suspended from the lodge by reason of the non-payment of assessments Nos. 12 and 13, and that on the 20th day of September, 1885, he was in default and in arrears for the non-payment to the lodge $6 50, that previous to this date a resolution Was passed by the subordinate lodge, of which Gaige was a member, authorizing the receipt of payment of past dues and assessments by those suspended, and upon which payment the person should be re-instated, and that the suspension should be treated as a nullity; that on 20th day of September, 1885, Gaige, through his father, paid to W, H. Shelley, the financier of the subordinate lodge, the amount so in arrears, and on the next day he died.
As conclusion of law the court found that the plaintiff was entitled to recover the amount of the certificate, and ordered judgment accordingly. The evidence showed that Gaige committed suicide.
Upon the trial W. H. Shelley was sworn as a witness for the plaintiff, and testified that he thought that he wrote a letter to N J Horton, the recorder of the lodge, on or about the twenty-fourth of September, explaining the death of Gaige, his suspension, and the payment of the money. He was then shown a letter and asked whether it was a true copy of the letter so written by him, and answered, “I think it is. I think I mailed the letter in the post office, directed to Horton ” The letter was then offered in evidence and was objected to on the part of the defendant as incompetent and immaterial. The objection was overruled and exception taken, and the letter received and read in evidence. It is as follows:
“Eagle Harbor, September %1¡., 1885.
“JV J. Horton:
“Dear Sir and Brother,—On the fifteenth of last month Brothers H. A. Brown, J. J. Gaige and H. D. Bead were reported to you as suspended. Brother H. A. Brown sent his money to me the fifth of the present month and in my room for that evening I reported that I had received Brother Brown’s money, and he was declared re-instated and a resolution was passed authorizing me to take the two other brothers’ money and that they would be accepted in the same manner. September twentieth I received a letter from Brother Gaige, dated September sixteenth, which should have reached me before the next meeting, asking me to fix his insurance all right, which I should have done if I had received it in time. On the same day that I received his letter I also received money, viz., $1.50 dues and $5.00 beneficiary. On the twenty-first, at or about four *664 o’clock p. M. he died. I make this explanation so that you may know the reason why his re-instatement did not appear on the September report.
“W. H. SHELLEY,

“Financier Demoléis Lodge, No. 'B'Bk, A. O. U. W.”

He was then asked: “Did the lodge, at a regular meeting, pass the resolution referred to in this letter?” This was objected to as incompetent and improper, and not the best evidence. The objection was overruled and exception taken. The witness answered: “ I think this was the first meeting, September 5, 1885, after they were suspended.”
Under the charter and by-laws of the grand lodge in force at this time, a member suspended for non-payment of assessments could only be restored to membership by making an application in writing, signed by himself, for such restoration, and the same had to be presented at a regular meeting of the subordinate lodge, accompanied with the amount due from him. Thereupon, if the lodge saw fit, by a majority vote, he could be restored. The trial court held that this provision was waived by the resolution of the subordinate lodge, referred to in the foregoing letter of Shelley to Horton; and therefore the plaintiff was entitled to recover.
It will thus be observed that the question as to whether or not there was such a resolution passed, becomes important, as the basis upon which the plaintiff’s right to recover stands. The letter introduced in evidence was a copy. It was not the original. It does not appear, nor is it claimed that the original was lost or destroyed. No notice appears to have been served upon the defendant to produce it, or other foundation laid for the introduction of secondary evidence.
Again, there is no evidence showing that this resolution was in fact passed except as the statement of it appears in this letter. The minutes of the meeting were not produced or read in evidence. True, the witness was asked if the resolution was passed, and the witness answered, under objection, that the minutes would be the better evidence. “I think this was the first meeting, September 5, 1885, after they were suspended.” It will be observed that the answer given does not answer the question, and that it falls short of showing that there was in fact such a resolution passed.
Upon the trial the plaintiff sought to show that the money paid to the financier of the subordinate lodge was by him paid over to the grand receiver of the defendant, and retained by him, and for this purpose offered in evi.dence a receipt dated Lockport, October 24, 1884, No 3,923, *665 and purporting to be signed by John Hodge, grand receiver, and countersigned by H. J Horton, grand recorder This was objected to by the defendant upon the ground that no proper foundation had been laid for the proof. The objection was overruled, exception taken, and the_ receipt read in evidence. The signatures of the grand receiver and grand recorder were neither proved nor admitted. The receipt was consequently improperly admitted.
Other exceptions were taken upon the trial which we do not regard it necessary to here discuss, further than to suggest that where contents of books are to be given in evidence the books are the best evidence, and that letters before being read should be identified or proved.
For the reasons stated the judgment must be reversed and a new trial ordered, with costs to abide the event.
Smith. P. J . and Bradley, J , concur.